IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**JESSIE EDWARD FLETCHER**                                                                    **PLAINTIFF**

V.                              CASE NO.   3:20-CV-03021

**CHIEF DEPUTY EZRA DEWAYNE PIERCE;
PUBLIC DEFENDER DAVID HARRISON;
PROSECUTOR BENJAMIN FRUEHAUF;
DEPUTY ZACH GRAHAM;
DEPUTY TROY DYE;
CHIEF DEPUTY ERIC OWENS;
DEPUTY JODY PRUITT;
SEARCY COUNTY SHERIFF KENNY CASSELL;
and OFFICER DUSTIN ROSENBERGER**                                   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jessie Edward Fletcher, currently an inmate of the Searcy County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks to proceed IFP. 28 U.S.C. § 1915A(a). The Court must determine whether the complaint should be served on the defendants.

**I.   BACKGROUND**

According to the Amended Complaint (Doc. 8) and Supplement (Doc. 11), Chief Deputy Pierce falsified statements and evidence in order to obtain an arrest warrant for Fletcher. Fletcher alleges that Chief Deputy Ezra Dewayne Pierce was pressuring him to identify a "guy" in a video of a burglary. (Doc. 8, p. 4). Chief Deputy Pierce also

1

allegedly informed Fletcher that Ms. Duff and "Mopin" had been apprehended.  *Id.* Fletcher indicates that Pierce advised him that Duff and Mopin had collaborated on a statement in which they claimed Fletcher had kidnapped and threatened to kill Duff if Mopin did not rob the store.  According to Fletcher, Pierce stated in the arrest-warrant affidavit that Fletcher owned a Cadillac similar to the one used in the burglary.  Fletcher alleges that at one time he owned a Cadillac, but he sold it before the robbery.  Fletcher also asserts that Mopin has never once implicated him in the crime.

According to Fletcher, Pierce was trying to coerce Fletcher to confess; threatened to have him "x out in jail"; threatened to have him charged with kidnapping and attempted murder; interrogated him multiple times despite his request for an attorney in violation of his *Miranda* rights; used excessive force against him; told Officer Rosenberger to "make [Fletcher] feel it" during a transport; and read Fletcher's legal mail.  (Doc. 8, pp. 4–5; Doc. 11, p. 1).

There are multiple other Defendants named in the case besides Chief Deputy Pierce, and the facts asserted against them are as follows.  Beginning with Defendant David Harrison, he is identified in the Amended Complaint as a public defender who was appointed to represent Fletcher.  Harrison also represented Fletcher's co-defendant Mopin.  Fletcher alleges that for the four-month period he was represented by Harrison, he probably spoke with Harrison for 60 seconds.

Next, Fletcher names Benjamin Fruehauf, the prosecuting attorney involved in Fletcher's criminal case.  Fletcher alleges that Fruehauf failed to look at the facts of the criminal case and instead focused on Fletcher's past charges.

2

Fletcher maintains that Deputy Zach Graham violated his *Miranda* rights and continually harassed him despite his demand for an attorney. According to the Amended Complaint, Deputy Graham also obtained Fletcher's contact information and used it to obtain the search warrants on the cell phones.

Deputy Troy Dye, Chief Deputy Eric Owens, and Deputy Jody Pruitt are alleged to have violated Fletcher's *Miranda* rights by continuing to interrogate and harass him despite his request for an attorney. Fletcher also contends that Chief Deputy Owens obtained search warrants for two phones that were not in Fletcher's name and saw every private thing on the phones. Fletcher claims that Deputy Pruitt must have seen naked pictures of Fletcher's wife on the cell phone because the search warrant allowed law enforcement to look at pictures stored on the phones.

As for Sheriff Kenny Cassell, Fletcher maintains that he failed to see that Chief Deputy Pierce had made false statements in the affidavit for Fletcher's arrest. Sheriff Cassell also allegedly failed to provide Fletcher with an attorney, neglected to supervise the other officers, and did not notice that the cell phones being searched belonged to Fletcher's wife and sister-in-law and not to Fletcher.

Finally, with respect to the last Defendant, Officer Dustin Rosenberger, Fletcher alleges that he used excessive force on December 19, 2019, by placing Fletcher in shackles and a belly chain and handcuffing his hands behind his back for a transport that lasted in excess of three hours. Fletcher claims that he could not feel his arms and now has a scar on his right wrist as a result of this handcuffing incident. Fletcher further alleges that Officer Rosenberger was reading his legal mail.

3

## II.   LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

## III.   DISCUSSION

To state a claim under § 1983, Fletcher must show: (1) that Defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived him of a

4

constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009).

### A. Claims Against Chief Deputy Pierce

Some claims made against Chief Deputy Pierce are without merit and are subject to immediate dismissal. In particular, "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation). In addition, Fletcher's *Miranda* claims against Pierce are subject to dismissal. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "[A] litigant cannot maintain an action under § 1983 based on a violation of the *Miranda* safeguards. . . . [Th]e remedy for a *Miranda* violation is the exclusion of evidence of any compelled self-incrimination, not a section 1983 action." *Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006) (internal quotation marks and citations omitted).

The only cognizable claims left against Pierce are for reading Fletcher's legal mail, knowingly making false statements in an affidavit for an arrest warrant, and using excessive force against Fletcher.

### B. Public Defender Harrison

Defendant Harrison will be dismissed from this lawsuit, as no cognizable claims

5

are stated against him. Harrison represented Fletcher during his criminal proceedings. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Harrison was not acting under color of state law while representing Fletcher in his criminal proceedings. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings"). Thus, Harrison is not subject to suit under § 1983.

### C.  Claims Against Prosecutor Fruehauf

Fletcher's claims against Fruehauf must be dismissed because prosecutors are immune from suit. The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity). Fletcher has failed to allege that Fruehauf engaged in any conduct other than actions taken in connection with his duties as a prosecuting attorney. Accordingly, he is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

### D. Claims Against Deputy Zach Graham, Deputy Troy Dye, Chief Deputy Eric Owens, and Deputy Jody Pruitt

All claims against Defendants Graham, Dye, Owens, and Pruitt are subject to dismissal. As stated previously, the *Miranda* claims made against these Defendants are not cognizable under Section 1983. *Hannon*, 441 F.3d at 636. Further, all claims regarding general harassment, verbal harassment, and threats are not actionable for the reasons stated. *See McDowell*, 990 F.2d at 434; under § 1983); *O' Donnell*, 826 F.2d at 790. Finally, claims regarding the search of two cell phones are also subject to dismissal. Fletcher does not deny that a valid search warrant was issued for these cell phones; he merely objects that the phones were not in his name and that the warrant allowed for the examination of the pictures stored on the phones. To the extent Fletcher claims the search of the cell phones violated his constitutional rights, his remedy is to seek suppression in his criminal case. *See United States v. Karo*, 468 U.S. 705, 719 (1984) (information obtained in violation of the Fourth Amendment would invalidate a search warrant if it proved critical to establishing probable cause). Section 1983 provides no cognizable cause of action related to the cell phone search.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that all claims against Defendants Harrison, Fruehauf, Graham, Dye, Owens, and Pruitt are **DISMISSED WITHOUT PREJUDICE** on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, or are against an individual immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness, for failure to state a claim, or seek monetary relief from an individual

immune from suit).   The Clerk of Court is directed to **TERMINATE** Defendants Harrison, Fruehauf, Graham, Dye, Owens, and Pruitt from the case.

**IT IS FURTHER ORDERED** that any *Miranda* claims, harassment claims, claims concerning threats, and claims regarding the search of two cell phones are **DISMISSED WITHOUT PREJUDICE** as to the remaining Defendants.   Only the following claims will remain for further adjudication:

1.   claims against Chief Deputy Ezra Dewayne Pierce for reading legal mail, knowingly making false statements in an affidavit for an arrest warrant, and excessive force;

2.   claims against Officer Dustin Rosenberger for reading legal mail and excessive force; and

3.   a claim against Sheriff Kenny Cassell for failure to supervise.

**The Amended Complaint and Supplement will be served on these three individuals by separate order.**

**IT IS SO ORDERED** on this 20th day of April, 2020.


                                        /s/ Timothy L. Brooks
                                        TIMOTHY L. BROOKS
                                        UNITED STATES DISTRICT JUDGE